22-MJ-2027-MBB

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Brian O'Sullivan, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent with the FBI since February 2012. I am currently assigned to the FBI Boston Child Exploitation and Human Trafficking Task Force, where I investigate Violent Crimes Against Children ("VCAC"). While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. As a Special Agent with the FBI, I have conducted numerous investigations into the production, attempted production, distribution/receipt, and possession of child pornography, to include executing federal search warrants and criminal complaints, including but not limited to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A. I have conducted and participated in several investigations of violations of those statutes. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.

2. I make this affidavit in support of a criminal complaint and arrest warrant charging Robert Daigle ("DAIGLE"), YOB 1976, of Waltham, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

3. The statements in this affidavit are based on my own personal involvement in the investigation and my personal observations; information provided by other FBI Special Agents and analysts; information obtained from other individual(s); my review of records; and my

22-MJ-2027-MBB

training, and background as a Special Agent with the FBI. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## PROBABLE CAUSE

4. Based on information obtained from an investigation involving an internet-based peer-to-peer network, on January 10, 2022, I obtained a federal warrant authorizing the search of DAIGLE'S residence in Waltham, Massachusetts, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A.**

5. On January 11, 2022 at approximately 6:50 am, FBI agents, with assistance from task force officers (TFO) and the Waltham Police Department, executed the search warrant at DAIGLE's residence in Waltham, Massachusetts. After agents knocked and announced their presence at the front door of the residence, Gerard Daigle ("G.D."), DAIGLE's father, answered the door. The FBI explained to G.D. why they were there and asked if there were any other occupants in the residence. G.D. advised that his son, Robert Daigle ("DAIGLE") was in his bedroom on the second floor. G.D. allowed authorities to enter. Agents proceeded up to the second floor of the residence and made contact with DAIGLE in his bedroom.

6. I introduced myself to DAIGLE and presented my FBI credentials to him. I advised DAIGLE that he was not under arrest but that the FBI had a search warrant for the residence. DAIGLE then agreed to be interviewed and accompanied TFO Michael Sullivan and me to a FBI vehicle that was parked in front of the residence. Once inside the vehicle, DAIGLE was advised

of and signed a written waiver of his *Miranda* rights. The interview was audio-recorded and the statements below are summary in nature unless specifically indicated otherwise.

7.  During the course of the interview, DAIGLE stated he uses several peer-to-peer applications to download movies, games, and pornography. DAIGLE further stated he uses one particular internet-based peer-to-peer platform ("SUBJECT PLATFORM")[1] to download child pornography. When asked to explain what child pornography is, DAIGLE stated something to the effect that child pornography is "something a judge sends you away for." DAIGLE further acknowledged that child pornography involves a person under the age of 18 and stated words to the effect that "you know it when you see it."

8.  DAIGLE admitted downloading child pornography for the past approximately 20 years. DAIGLE also stated he had been using the SUBJECT PLATFORM for approximately three years and had used that platform as recently as yesterday (i.e., January 10, 2022). DAIGLE stated he has downloaded hundreds to thousands of child pornography files. DAIGLE stated he has masturbated to child pornography that he has downloaded. DAIGLE stated that he does not share his bedroom or devices with anyone. DAIGLE also stated he built the computers himself.

9.  DAIGLE explained that he uses a desktop computer to run the SUBJECT PLATFORM. That desktop computer sits on the floor by his bed next to another desktop computer. DAIGLE explained that the computer running the SUBJECT PLATFORM, and storing all the child pornography, was the desktop computer located farthest from his bed ("TARGET DEVICE"). DAIGLE described to agents the location where the child pornography would be found. DAIGLE admitted going to the download folder on his electronic device and viewing child

---

[1] I am familiar with the SUBJECT PLATFORM. Its name and other identifying information is redacted here to protect the integrity of ongoing investigations into users of the platform.

pornographic files. He further stated he sometimes dragged the child pornographic files to other removable devices.

10. While agents interviewed DAIGLE, other agents and FBI forensic examiners conducted the search of the residence and devices found therein. Forensic examiners were able to preview the TARGET DEVICE and found the SUBJECT PLATFORM still running on it. FBI forensic examiners were able to locate folders described by DAIGLE and found approximately 9,502 files therein. Review of the device is ongoing but of that number, preliminarily, forensic examiners located a minimum of 18 files containing child pornography. Three of those files are described below.

  a. File name - 10yo Conny shows all.mp4. This video is approximately four minutes and 50 seconds long. In the video, a prepubescent female child who appears to be approximately 8-12 years old can be seen wearing a black tank top shirt, and no pants. The female child at various points in the video faces her genitals and anus towards the camera. The female child can also be seen manipulating her genitals with her hand multiple times in the video.

  b. File name - Asian Pedogirl sucking-licking kindly Young Toddler Boner (Asia, 2018).mp4. This video is approximately 38 seconds long. In the video, an adult female can be seen performing oral sex on a prepubescent male child. The child's face cannot be seen, but based on the size and development of his body, he appears to be approximately 1-3 years old. The child's genitals can be seen throughout the video.

  c. File name – 3yo_charlene_orgasm(Pussy Licked)(FinalOrgasm).mpg. This video is approximately one minute and 23 seconds long. In this video, a

22-MJ-2027-MBB

prepubescent female child who appears to be approximately 2-4 years old can be seen naked, lying on her back. An adult male, whose face is not visible can be seen performing oral sex on the child.[2]

11. A preliminary review of the TARGET DEVICE revealed dates associated with the child pornography files going as far back as December 2008, with the most recent date of some files noted as December 2021. As outlined above, the SUBJECT PLATFORM was running when agents executed the warrant on this date.

12. Pursuant to the search warrant, agents seized the TARGET DEVICE and other electronic devices from the residence. Review of those devices pursuant to the warrant is ongoing.

---

[2] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). Per the FBI forensic examiner, the children in the paragraphs describing the child pornography appear to be approximately 8-12 years old, 1-3 years old, and 2-4 years old – in all circumstances, clearly younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the described imagery is available for review at the Court's request.

22-MJ-2027-MBB

## CONCLUSION

13.     Based on the foregoing, I submit there is probable cause to believe that between at least on or about January 11, 2019, and on or about January 11, 2022, DAIGLE knowingly received any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

_____
Special Agent Brian O'Sullivan
Federal Bureau of Investigation

Sworn before me by telephone in accordance with Fed. R. Crim. P. 4.1 this 11th day of January, 2022.

_____
HON. MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE